OPINION OF THE COURT
Michael W. Duskas, J.
In this special proceeding commenced pursuant to CPLR article 78, the court is required to interpret the language of Education Law § 2510 (3). This is apparently a case of first *1000 impression, as the court has been unable to find any reported cases construing that section or any similar section of law.
PACTS
Petitioners are teachers employed by the respondent, Peru Central School District. Petitioner, Mossey, was first hired by the school district in September 1972. Thereafter, on or about September 2, 1983, his employment was terminated effective September 7, 1983 as a result of the abolition of his position. Petitioner, Winkler, was first hired by the school district in September of 1968, and was also terminated in September 1983, by virtue of the abolition of her position. Both teachers were recalled to work in September 1985, as a result of a reconstitution of their former positions.
Petitioners were offered these positions in September 1985, pursuant to the provisions of Education Law § 2510 (3).
Petitioners claim that although they are being paid the same salary they had been earning when terminated, plus 8%, that they are also entitled to additional negotiated raises which they would have received had they continued in their teaching positions without interruption. Both also seek a restoration of accumulated sick days accrued to the date of their termination.
By virtue of negotiated contracts between the district and the teachers’ bargaining unit, salaries were established which provided for annual salary increases based upon a percentage of a teacher’s prior year’s salary.
The current agreement in effect between the bargaining unit and the district, and agreements which were in effect since 1982, do not provide for the payment of any benefits for accrued sick leave to a teacher at the time of his or her separation from the school district. The agreements do, however, provide that at retirement a teacher is provided remuneration for accrued sick leave based upon a formula which is incorporated in the agreements.
APPLICABLE LAW
Education Law § 2510 (3) states as follows: "If an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may there *1001 after occur in an office or position similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled.” (Emphasis added.)
The term "salary” is defined in Education Law § 3101 (3): "Except in a city having a population of one million or more, 'salary’ shall mean the amount of compensation that is to be paid to a teacher for services rendered during the full ten months period that the public schools of the district are required by law to be in session during any school year.”
The term "increment” is not defined in the Education Law, any other chapter, or in any reported decisions.
petitioners’ contentions
Petitioners assert that the failure of the respondents to pay them a salary which is the same that they would have earned had they continued in employment with the district in their positions from the date of their separation to the date of their rehiring and the refusal to restore to them accrued sick leave is arbitrary and capricious and an abuse of discretion. Section 2510 (3), by requiring a school district to rehire "without reduction in salary or increment”, mandates that a rehired teacher receive not only his former salary but all emoluments to which he or she would have been entitled but for the prior termination of their position. Petitioners allege that the contracts covering the period of time that the petitioners were not employed by the district contained salary increments based upon a percentage of the prior year’s salary. Thus, had not petitioner, Mossey, been terminated in September of 1983, his September 1985 salary would have been $23,851, rather than his current rate of pay for the 1985-1986 school year of $19,806. Petitioner, Winkler, asserts that she should be paid at the annual rate of $24,457, rather than her current salary of $20,803.88. Each also seeks a restoration of sick leave credits. By including the term "increment” in section 2510 (3) the petitioners allege that the Legislature intended to insure that rehired teachers receive all negotiated salary increases and benefits in addition to the salary that they had last been paid.
respondents’ contentions
It is the position of the respondent that section 2510 (3) *1002 merely establishes a minimal salary that must be paid to a rehired teacher. It further argues that the agreements between the district and the bargaining unit do not provide for the payment of "increments” but that annual salary increases are based solely on a percentage increase of the previous year’s salary. Neither petitioner had a previous year’s salary so that their current salary need only be determined by reference to the salary that they received when terminated. The district argues that despite the fact that it is mandated to pay a minimal salary based upon the teachers’ last earnings, the petitioners were granted an additional 8%. The district further argues that although contracts in existence between the bargaining unit and the school district prior to 1980 provided for the payment of "increments” (which it defines as increases in salary based upon the completion of a year of service), the agreements in existence since 1982 no longer provide for such "increments”.
Respondent cites the phrase "without reduction” from section 2510 (3) as indicating that the intention of the Legislature was merely to establish a salary floor and that nothing in the language of the statute requires a rehired teacher to be treated as if he or she had continued in employment during the period of time that his or her position was not in existence. The school district asserts that upon reinstitution of the abolished positions it is hiring for a "new” position and that section 2510 (3) requires only that it offer a new position to the previously employed teachers at a salary which is not less than that which they earned at the time of their termination. Any other benefits, including the payment of a salary in excess of that mandated, is strictly open to negotiation between the district and the rehired teacher.
DECISION OF THE COURT
Since the term "increment” is not defined in the Education Law, it becomes necessary to interpret the language of the statute itself. Generally, the word "or” is used in a statute before a word which is inserted to define that which precedes the word. "Or”, when used in a statute, is a disjunctive particle indicating the alternative sense, and often connects a series of words or propositions, presenting a choice of either. If "or” is used, each item in the sentence is to be taken separately, but if "and” is used, they are to be considered jointly. (56 NY Jur, Statutes, § 149.) Thus, it is apparent that the *1003 phrase, "or increment”, is used to define the word salary and that the legislative intent must have been to protect the teacher whose base pay might not be entirely called "salary”. To reach the interpretation that the petitioners have taken, one would have to read the statute as if it said "salary and increment”.
As to accumulated sick leave, the contract in existence in 1982, and the contract currently in existence, do not provide for the payment of sick leave at the time of separation from service, except upon retirement. Thus, the accumulated sick days did not have a monetary value at the time the petitioners were terminated from their positions. Once they were rehired they were placed in the same position as any newly hired teacher and the issue of sick leave is governed strictly by the agreement between the district and the teachers’ bargaining unit.
It is, therefore, the decision of the court that the petition herein be in all respects dismissed, without costs.